UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:17-cv-2370-NCC<br>) |
| BLONDELL UNDERWOOD, et al., | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently before this Court is the motion of plaintiff Federal National Mortgage Association (hereafter "Fannie Mae") to remand this action to the Associate Circuit Court of Jefferson County, Missouri, pursuant to 28 U.S.C. § 1447. (Docket No. 7). For the reasons discussed below, the motion will be granted, and this matter will be remanded pursuant to 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**Background**

This case stems from an unlawful detainer action filed by Fannie Mae in the Associate Circuit Court of Jefferson County, Missouri, seeking to regain possession of real property located at 216 Chestnut Street, Crystal City, MO 63109. *Federal National Mortgage v. Underwood*, Case No. 17JE-AC02324 (23rd Jud. Cir. Jun. 14, 2017). On June 19, 2017, Blondell Underwood, Movant/Defendant Rodney Underwood (hereafter "Underwood"), and one Jane Doe were served with a copy of the petition. Both of the Underwoods appeared for a bench trial, held on August 29, 2017. On that date, the Court entered judgment against them and in Fannie Mae's favor for possession of the property, and also for monetary damages due to the unlawful detainer of the property.

Before the expiration of the time for seeking direct appellate review, Underwood filed in this Court a document entitled "Notice of Removal From Municipal Court to United States District Court for the Eastern District of Missouri/Motion to Set Aside Judgments." (Docket No. 1). As grounds for removal, Underwood claims that the state court wrongfully rejected his argument that the Chestnut Street property is Indian property that was not subject to the state court's jurisdiction. He also claims that the parties failed to prove they are corporate entities, the state court proceedings are void and fraudulent, the parties failed to answer inquiries about the loan, he recognizes only "tribal and ecclesiastical" jurisdiction, the Chestnut Street property is tribal land, and other similar assertions. *Id.* He states he does not consent to the state court's judgment taking the Chestnut Street property, and he asks this Court to set aside that judgment.

On September 26, 2017, Fannie Mae filed the instant motion, seeking remand pursuant to 28 U.S.C. § 1447. In support, Fannie Mae argues that Underwood's removal notice was untimely filed, and that this Court lacks subject matter jurisdiction. In response, Underwood argues that he is a "natural born living man, Autochthonous Flesh and Blood Melaninite Male, and enrolled tribal member and Chief of the WAZIKA XOWE QUAPAW TRIBE, descendants of QUAPAW ancestors, an Indigenous People of North America (formerly known to our ancestors as Turtle Island) (Hereinafter "the Tribe"), Beneficial First Lien Holder of RODNEY ANDREW UNDERWOOD, whose commercial status is White and American Indian." (Docket No. 9 at 1) (emphasis in original). Underwood sets forth many claims, including that the Chestnut Street property is tribal land that was not subject to the state court's jurisdiction. He asks this Court to set aside the state court judgment, and restore his possession of the property. He also states that he seeks monetary damages.

**Discussion**

2

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17-18 (1951).

A civil action may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party seeing removal and opposing remand bears the burden of establishing federal jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Doubts concerning federal jurisdiction should be resolved in favor of remand. *Id.*

In this case, as Fannie Mae correctly argues, Underwood neither alleges a legitimate legal basis for removal of the underlying proceeding, nor explains how this Court has jurisdiction over this matter. Review of the petition in the underlying action shows that it is based solely upon state law. It raises no federal question, and therefore can provide no basis for federal question jurisdiction. To the extent Underwood can be understood to argue that federal question jurisdiction exists because he is a member of a Native American Indian tribe and the Chestnut Street property is tribal property, an unlawful detainer proceeding does not create federal question jurisdiction. *See Taylor v. Anderson*, 234 U.S. 74 (1914) (allegations in an action for ejectment that defendants were asserting ownership under a certain deed, and that such deed was void under legislation restricting alienation of lands allotted to the Choctaw and Chickasaw Indians, did not present a case arising under the laws of the United States over which a federal court has jurisdiction without diversity of citizenship). To the extent Underwood can be

3

understood to claim the right to removal because he has a defense, counterclaim or action based upon federal law, such claim fails. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (a case may not be removed to federal court on the basis of a federal defense); *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) ("[c]ounterclaims, cross-claims, and third-party claims cannot be the basis for removal"); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (a counterclaim cannot establish "arising under" jurisdiction). Finally, even if this Court did have jurisdiction predicated on diversity, this action would not be removable because Underwood is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(b)(2) (actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

In addition, the Court finds that the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction over this action. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations." *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996). The doctrine also deprives this Court of jurisdiction over claims that are "inextricably intertwined" with claims adjudicated in state court. *Feldman*, 460 U.S. at 482 n. 16. A claim is inextricably intertwined under *Rooker-Feldman* if it "succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested . . . would effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

In this case, it could not be more clear that Underwood is asking this Court to engage in appellate review of the state court's determination. In his "Notice of Removal From Municipal

4

Court to United States District Court for the Eastern District of Missouri/Motion to Set Aside Judgments," he clearly states his disagreement with the state court's judgment, and he "prays that this court set aside" that judgment and restore his possession of the Chestnut Street property. (Docket No. 1 at 3). Granting Underwood the relief he seeks would require this Court to effectively reverse the state court decision or void its ruling, exactly what the *Rooker-Feldman* doctrine prohibits. *See Charchenko*, 47 F.3d at 983. This Court therefore determines that the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction over this action, and that this provides a basis for remand, as well. *See Jacobs v. Gear Properties*, 2 Fed. Appx. 617 (8th Cir. 2001) (the *Rooker-Feldman* doctrine bars federal actions seeking to change the result of state unlawful detainer actions). Because this Court lacks subject matter jurisdiction over this action, this case will be remanded to the Associate Circuit Court of Jefferson County, Missouri, pursuant to 28 U.S.C. § 1447(c).

Even if this Court did have federal question or subject matter jurisdiction, this case would be remanded because Underwood's removal notice was untimely filed. Section 1446 of Title 28 establishes the procedure for removal. Relevant to the instant case is section 1446(b), which provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In response to the instant motion, Underwood does not dispute that he was served with a copy of the petition for unlawful detainer on June 15, 2017. He does not argue that the petition failed to clearly set forth the nature of the action, that Fannie Mae amended its petition during the course of the litigation, or that he received a copy of a motion, order, or other paper from which it could first be ascertained that the case had become removable. *See* 28 U.S.C. § 1446(b).

5

Therefore, Underwood's deadline for filing a notice of removal was, at the latest, July 19, 2017. However, he did not file the notice of removal until September 6, 2017, well past the deadline. *See McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997) (citations omitted) (Section 1446(b)'s time limit, "while not jurisdictional, is mandatory, and a "timely motion to remand for failure to observe the thirty-day limit will be granted.")

Accordingly,

**IT IS HEREBY ORDERED** that Rodney Andrew Underwood's Motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Fannie Mae's Motion to Remand Case to State Court (Docket No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Associate Circuit Court of Jefferson County, Missouri, pursuant to 28 U.S.C. § 1447(c). A separate order of remand will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of November, 2017.

Ronnie L. White
———————————————
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE